punish or retaliate was one of the reasons, then you must determine whether it was a substantial or motivating factor in the actual decision made by Chief Wearing. If it was a motivating factor, that is, it played a substantial part in the decision, then you must find that the action was unlawful as violative of the first amendment. Giuhan v. Western Consolidated School Dist., 439 U.S. 410, 99 S. Ct. 693 (1979); Mt. Healthy City Dist. Bd. Of Ed. v. Doyle, 429 U.S. 274, 97 S. Ct. 568 (1977).

9.      You must make the same determination using the same standard that I have just described with respect to each of the adverse actions complained of. Your determination as to the defendant's motive with respect to one adverse action does not automatically dictate your determination with respect to another. For instance, you may find based on the evidence that defendant's motive was retaliatory with respect to each one or even four of the actions but that one or more actions were tainted by ill motive.

## IV.   **DAMAGES**

10.      If you find the plaintiff has proven his claim, then you must decide what type of damages, if any, the plaintiff should receive, and the amount of damages that farily and reasonably compensate the plaintiff for his losses, both economic and non-economic. The fact that I am instructing you concerning damages does not mean that I have any opinion one way or the other as to whether the defendant should in fact be held liable or whether the plaintiff has suffered any actual

8

harm.  It is not my role to decide this but yours and yours alone.

**Compensatory Damages**

11.    The first type of damages you should consider is known as compensatory or actual

damages, and it is meant to cover financial harm and such non-economic harm or physical or

emotional suffering, professional and reputational injury, humiliation and embarrassment.  In

weighing the issue of compensatory damages, you must ask yourselves two initial questions: First,

has the plaintiff proven by a preponderance of the evidence that he suffered actual harm; and second,

has he proven by a preponderance of the evidence that the defendant's violation of his constitutional

rights proximately caused that harm?  As I explained earlier, the defendant's actions can be

considered a proximate cause of the harm claimed by the plaintiff, if they were a substantial factor

in bringing about that harm.

If you decide that the plaintiff has proven that he suffered specific harm due to the defendant's

actions, then you must decide on the amount of money that will compensate him for this harm.  It is

for you, in the exercise of your best judgment, to say what is just and fair compensation, based on the

damages proved by the plaintiff.  There is no fixed formula for you to apply.  However, you should

not speculate or guess as to damages, and under no circumstances should you let sympathy, bias, or

prejudice affect your consideration of the law and the evidence.  While it is the plaintiff's burden to

prove each element and item of damage by a preponderance of the evidence, he need not prove his

damages with mathematical precision, but only with the degree of accuracy permitted by the

9

circumstances of the case.

**Nominal Damages**

12.    If you find that the defendant violated the plaintiff's constitutional rights, but the plaintiff has failed to prove by a preponderance of the evidence that he suffered any harm, then you may award only nominal damages. Nominal damages serve as a legal acknowledgment that the plaintiff's rights were violated, even though the violation did no financial, physical, or emotional harm, embarrassment or reputational injury. You may not award both compensatory and nominal damages, nor may you award nominal damages for more than a token sum. Usually, a nominal damage award is between one and ten dollars.

**Punitive Damages**

13.    The final type of damages you may consider is punitive damages. Punitive damages are intended to punish a defendant and deter him and others who hold such government positions from committing similar acts in the future.

You may award punitive damages only if the plaintiff has proven by a preponderance of the evidence that the defendant acted in an intentional, reckless, malicious, or oppressive manner. An act is reckless when it is done in such a manner and under such circumstances as to show an utter disregard for the rights of others. An act is malicious if it is prompted by or accompanied by ill will or spite. An act is oppressive if it is done in such a way as to injure or otherwise violate the rights of another with unnecessary harshness or severity.

10

You may, but are not required to, award punitive damages in addition to compensatory damages or in addition to nominal damages. You can set punitive damages at any level you feel is necessary to accomplish their duel purposes of punishment and deterrence. <u>Carey v. Piphus</u>, 435 U.S. 247, 98 S. Ct. 1042 (1978); <u>Gentile v. County of Suffolk</u>, 926 F. 2d 142 (2d Cir. 1999).

Finally you are not to speculate or consider the possible source of payment of any award you make in this case. That has no bearing on your decision and you should neither discuss the issue nor speculate about it in any manner.

RESPECTFULLY SUBMITTED
THE PLAINTIFF


BY: _____
KAREN LEE TORRE
Federal Bar No. ct01707
Law Offices of Karen Lee Torre
51 Elm Street
Suite 307
New Haven, CT 06510
(203) 865-5541

His Attorney

11

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 4th day of August, 2004, to Martin S. Echter, Esq., Office of Corporation Counsel, 165 Church Street, New Haven, Connecticut 06510.

Karen Lee Torre

12

FILED

2004 AUG -6 A 11: 02

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KEITH WORTZ                          :
                                     :
            Plaintiff                :
                                     :
                                     :        Civil No. 3:01CV01632 (RNC)
V.                                   :
                                     :
MELVIN WEARING                       :
                                     :        August 4, 2004
            Defendant                :

## MOTION IN LIMINE TO PRECLUDE EVIDENCE OF OUTCOME
## OF GRAND JURY AND CRIMINAL TRIAL PROCEEDINGS

The plaintiff hereby respectfully moves this Court for an order precluding defense counsel in

this case from offering into evidence, or alluding to,  the outcome of Grand Jury proceedings which

took place in the wake of plaintiff's disclosures regarding irregularities in the handling of the Cusick

homicide investigation.  Plaintiff further seeks an order precluding the defendant and his counsel from

offering into evidence or alluding to the outcome of a criminal prosecution of former New Haven

police captain Brian Sullivan.

Grand Jury proceedings conducted in the wake of plaintiff's disclosures resulted in the arrest

of Captain Brian Sullivan on various charges relating to his conduct in connection with the Cusick

homicide.  Captain Sullivan was later acquitted by a jury after a criminal trial.

Plaintiff anticipates that defendant and/or his counsel may attempt to mention or offer

evidence of these facts at the trial of this action, no doubt for the purpose of insinuating to jurors that

plaintiff's expressions and disclosures of perceived wrong-doing by New Haven police officials were

in the end meritless.  Although the fact that a Superior Court Judge, after extensive investigatory proceedings, determined that the arrest of Captain Sullivan was warranted, and such fact buttress plaintiff's credibility, the undersigned counsel believes that this fact likewise is irrelevant to the issue of whether the plaintiff's initial disclosures and other expressive activity were protected by the First Amendment.  This evidence is further irrelevant to this issue whether defendant Wearing engaged in the various adverse actions complained of in retaliation for plaintiff's First Amendment -protected activity.  The jury's verdict in the matter of <u>State v. Brian Sullivan</u> is likewise irrelevant to the issue whether plaintiff's initial disclosures and expressive activity touched upon a matter of public concern.  Had Captain Sullivan been convicted, the conviction would likewise be irrelevant.  The plaintiff submits what is relevant here is that plaintiff engaged in First Amendment-protected expressive activity and the irrelevant inquiry for jurors is whether such activity was a motivating factor in one or more of the  adverse actions complained of.

Accordingly, evidence of the outcome of the Grand Jury proceeding and the prosecution of Captain Sullivan are irrelevant and should be precluded under Fed. R. Evid. §§ 402 and 403.

2

RESPECTFULLY SUBMITTED
THE PLAINTIFF

BY: _____

KAREN LEE TORRE
Federal Bar No. ct01707
Law Offices of Karen Lee Torre
51 Elm Street
Suite 307
New Haven, CT 06510
(203) 865-5541

His Attorney

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 4th day of August, 2004, to Martin S. Echter, Esq., Office of the Corporation Counsel, City of New Haven, 165 Church Street, New Haven, Connecticut 06510.

_____
Karen Lee Torre

3



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KEITH WORTZ                          :

              Plaintiff              :

                                     :         Civil No. 3:01CV01632 (RNC)

V.                                   :

                                     :

MELVIN WEARING                       :

                                     :         August 4, 2004

              Defendant              :

## MOTION IN LIMINE TO PRECLUDE EVIDENCE OF DISCIPLINARY ACTION IMPOSED ON THE PLAINTIFF

The plaintiff seeks an order of this Court precluding the defendant and/or his counsel from offering into evidence, or alluding to, a disciplinary action imposed on the plaintiff in the year 2004. The undersigned counsel represents to this Court that the plaintiff was deprived of five days of earned vacation in connection with a practical joke he played during the course of assisting a fellow officer in preparing an arrest warrant.[1]

The discipline of the plaintiff under these circumstances is irrelevant to the issues in this case. Moreover, the suspension postdates all of the relevant facts and events which are the subject of this

---

[1]     As a practical joke, plaintiff inserted into a draft of an arrest warrant application in a sex offense case a purported statement of the affiant police officer that he too was a sex offender. Plaintiff fully expected his colleague to see the joke in the final editing and redrafting of the warrant application. The joke escaped the affiant and the warrant was submitted to the State's Attorney's office where it too escaped the eye of prosecutors who did not read the entire warrant but simply signed it and submitted it to a superior court judge. The judge signed the warrant.

civil action. Accordingly, the plaintiff's practical joke, which occurred in the year 2004, could not

have been a factor in the various denials of promotion to the plaintiff or the other adverse actions

complained of and thus is irrelevant and should accordingly be precluded at trial under Rules 402 and

403 of the Federal Rules of Evidence.

RESPECTFULLY SUBMITTED
THE PLAINTIFF


BY: _____
KAREN LEE TORRE
Federal Bar No. ct01707
Law Offices of Karen Lee Torre
51 Elm Street
Suite 307
New Haven, CT 06510
(203) 865-5541

His Attorney

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 4th day of August, 2004, to Martin S. Echter, Esq., Office of the Corporation Counsel, City of New Haven, 165 Church Street, New Haven, Connecticut 06510.

_____
Karen Lee Torre

2

FILED

2004 AUG -6 A 11: 03

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KEITH WORTZ                          :
                                     :
            Plaintiff                :
                                     :
                                     :    Civil No. 3:01CV01632 (RNC)
V.                                   :
                                     :
MELVIN WEARING                       :
                                     :    August 4, 2004
            Defendant                :

### PLAINTIFF'S PROPOSED VERDICT FORM

**I.    LIABILITY**

A.    Do you find, by a preponderance of the evidence, that the plaintiff's expressive

activity regarding the Cusick homicide investigation and/or his cooperation with and

participation in Grand Jury proceedings regarding the Cusick homicide investigation

was a motivating factor in the following adverse actions complained of:

1.    The denial to plaintiff of promotion to the rank of Detective on or about

January 12, 1999.

Yes_____          No_____


2.    The denial to plaintiff of promotion to the rank of Detective on or about May

11, 1999.

Yes_____          No_____

3.   The denial to plaintiff of promotion to the rank of Detective on or about September 21, 1999.

Yes_____          No_____

4.   The denial to plaintiff of promotion to the rank of Detective on or about December 14, 1999.

Yes_____          No_____

5.   The denial to plaintiff of promotion to the rank of Detective on or about January 11, 2000.

Yes_____          No_____

6.   The denial to plaintiff of promotion to the rank of Detective on or about September 20, 2000.

Yes_____          No_____

7.   The denial to plaintiff, in February 1999, of overtime compensation for his service on the Connecticut State Police Gang Task Force.

Yes_____          No_____

2

8.    The September 3, 1999 reassignment of the plaintiff to patrol duty.

Yes_____            No_____


9.    The April 24, 2000 reassignment of plaintiff to duty in the "Hill Section" of

New Haven.

Yes_____            No_____


10.    The October 21, 1999 denial to plaintiff of a position on the City of New

Haven SWAT Team.

Yes_____            No_____


11.    The May 19, 2000 placement of plaintiff on an involuntary leave of absence.

Yes_____            No_____


12.    The March 23, 2000 suspension of plaintiff from employment.

Yes_____            No_____


13.    The failure or refusal of defendant to take action to protect the plaintiff from

threats or bodily harm and/or discipline those officers who engaged in

3

threatening or assaultive behavior toward the plaintiff.

Yes_____               No_____

If you answered "Yes" to <u>one or more</u> of the foregoing questions, proceed to Section II below. If you answered "No" to <u>each</u> of the foregoing questions your deliberations are concluded. You will not proceed further and the jury foreperson shall sign this verdict form and return it to the court.

## II.    <u>COMPENSATORY DAMAGES</u>

What amount of compensatory damages, if any, do you award the plaintiff for economic and non-economic losses he sustained in connection with each adverse action you conclude was taken against him as follows:

1.   The denial to plaintiff of promotion to the rank of Detective on or about January 12, 1999.

$ _____

2.   The denial to plaintiff of promotion to the rank of Detective on or about May 11, 1999.

$ _____

4

3.   The denial to plaintiff of promotion to the rank of Detective on or about September 21, 1999.

$ _____

4.   The denial to plaintiff of promotion to the rank of Detective on or about December 14, 1999.

$ _____

5.   The denial to plaintiff of promotion to the rank of Detective on or about January 11, 2000.

$ _____

6.   The denial to plaintiff of promotion to the rank of Detective on or about September 20, 2000.

$ _____

7.   The denial to plaintiff, in February 1999, of overtime compensation for his service on the Connecticut State Police Gang Task Force.

$ _____

5

8.     The September 3, 1999 reassignment of the plaintiff to patrol duty.

       $ _____

9.     The April 24, 2000 reassignment of plaintiff to duty in the "Hill Section" of
       New Haven.

       $ _____

10.    The October 21, 1999 denial to plaintiff of a position on the City of New
       Haven SWAT Team.

       $ _____

11.    The May 19, 2000 placement of plaintiff on an involuntary leave of absence.

       $ _____

12.    The March 23, 2000 suspension of plaintiff from employment.

       $ _____

13.    The failure or refusal of defendant to take action to protect the plaintiff from
       threats or bodily harm and/or discipline those officers who engaged in

                                      6

threatening or assaultive behavior toward the plaintiff.

$ _____

## III.    <u>PUNITIVE DAMAGES</u>

With respect to each adverse action which you find was taken against the plaintiff as indicated in Section I above, state whether you find by a preponderance of the evidence that the defendant Melvin Wearing acted with malice or in reckless disregard of the plaintiff's civil and constitutional rights.  If you answer "yes" in regard to any of the following, indicate in the space provided the amount of punitive damages that should be assessed.

1.    The denial to plaintiff of promotion to the rank of Detective on or about January 12, 1999.

Yes_____          No_____

Amount Awarded: _____.

2.    The denial to plaintiff of promotion to the rank of Detective on or about May 11, 1999.

Yes_____          No_____

Amount Awarded: _____.

7

3.     The denial to plaintiff of promotion to the rank of Detective on or about September 21, 1999.

Yes_____          No_____

Amount Awarded: _____.

4.     The denial to plaintiff of promotion to the rank of Detective on or about December 14, 1999.

Yes_____          No_____

Amount Awarded: _____.

5.     The denial to plaintiff of promotion to the rank of Detective on or about January 11, 2000.

Yes_____          No_____

Amount Awarded: _____.

6.     The denial to plaintiff of promotion to rank of Detective on or about

8

September 20, 2000.

Yes_____          No_____


Amount Awarded: _____.


7.    The denial to plaintiff, in February 1999, of overtime compensation for his

service on the Connecticut State Police Gang Task Force.

Yes_____          No_____


Amount Awarded: _____.


8.    The September 3, 1999 reassignment of the plaintiff to patrol duty.

Yes_____          No_____


Amount Awarded: _____.


9.    The April 24, 2000 reassignment of plaintiff to duty in the "Hill Section" of

New Haven.

Yes_____          No_____

9

Amount Awarded: _____.

10.    The October 21, 1999 denial to plaintiff of a position on the City of New

Haven SWAT Team.

Yes_____          No_____

Amount Awarded: _____.

11.    The May 19, 2000 placement of plaintiff on an involuntary leave of absence.

Yes_____          No_____

Amount Awarded: _____.

12.    The March 23, 2000 suspension of plaintiff from employment.

Yes_____          No_____

Amount Awarded: _____.

13.    The failure or refusal of defendant to take action to protect the plaintiff from

10

threats or bodily harm and/or discipline those officers who engaged in threatening or assaultive behavior toward the plaintiff.


Yes_____          No_____


Amount Awarded: _____.


                              RESPECTFULLY SUBMITTED
                              THE PLAINTIFF



                              BY: _____
                              KAREN LEE TORRE
                              Federal Bar No. ct01707
                              Law Offices of Karen Lee Torre
                              51 Elm Street
                              Suite 307
                              New Haven, CT 06510
                              (203) 865-5541

                              His Attorney



                              11

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this 4th day of August, 2004, to Martin S. Echter, Esq., Office of Corporation Counsel, 165 Church Street, New Haven, Connecticut 06510.

Karen Lee Torre

12