UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KEITH WORTZ                : Docket No. 3:01CV01632 (RNC)

VS.                        :

MELVIN WEARING             : SEPTEMBER 13, 2004

### DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

The defendant Melvin Wearing, by counsel, respectfully requests the following instructions and specialized voir dire questions be utilized, in addition to such standard inquiries as the age, home town, and employment of the prospective juror.

**(A) Commenting on parties or witnesses in presence of other jurors.**

If you know any party or potential witness simply identify that person. Do not comment on that party or witness. This is to avoid making comments about such persons or their character in the presence of other jurors. You will be invited to approach the bench and make your comments there.

**(B) Discussing matters you would prefer to keep confidential.**

In order to select an impartial jury the Court and the attorneys are permitted to ask some very personal questions about you, your relatives and close friends or associates.

If you prefer to keep confidential the identity of the person about whom such an inquiry is made or the substance of the information asked you may do so by informing the Court. We will then provide an opportunity for you to come to the bench where questions and answers can be exchanged out of the hearing of the other jurors.

1. **Preference for or against employer or employee.**

In a lawsuit involving a dispute between employer and employee, is there anyone on the voir dire panel who would be **more** inclined to believe the employer than the employee?

In a lawsuit involving a dispute between employer and employee, is there anyone on the voir dire panel who would be **more** inclined to believe an employee rather than his or her employer?

2. **Employment experiences.**

**a.** Have you, a relative or a close friend ever had a disagreement with an employer?

**b.** If your answer to the foregoing question is "yes," **(i)** what was the general nature of the disagreement, **(ii)** how was it resolved, **(iii)** do you feel such person was fairly treated by that employer, and **(iv)** if not, why not?

**c.** Do you feel that the treatment by that employer might affect your ability to judge this case fairly, and if so, in what way?

3. **Employment with the City of New Haven.**

**a.** Have you, a relative or a close friend ever been employed by the City of New Haven or any of its agencies?

**b.** If your answer to the foregoing question is "yes," do you feel such person was fairly treated by that employer, and if not, why not?

**c.** Do you feel that the treatment by that employer might affect your ability to judge this case fairly, and if so, in what way?

-2-

**4. Employment with another government agency.**

**a.** Have you, a relative or a close friend ever been employed by any other government agency?

**b.** If your answer to the foregoing question is "yes," do you feel such person was fairly treated by that employer, and if not, why not?

**c.** Do you feel that the treatment by that employer might affect your ability to judge this case fairly, and if so, in what way?

**5. Arrest or seizure by law enforcement officer.**

**a.** Have you, a relative or a close friend ever been arrested **or** seized by a law enforcement officer?

**b.** If the answer to the foreging question is "yes," please state (i) who was arrested or seized, (ii) which police department was involved, (iii) what occurred, and (iv) the eventual outcome.

**c.** If your answer to the first question was "yes," what was your impression of the conduct of the police at the time?

**d.** If the answer to the first question was "yes," do you think the conduct of the police might affect your ability to fairly and impartially judge this case?  If so, how do you think it might affect your ability to judge?

-3-

**6.  Unpleasant experience with a law enforcement officer (other than an arrest or seizure).**

a.  Have you, or any member of your family or a close friend, ever had an unpleasant or unsatisfactory experience with any law enforcement officer?

b. If the answer to the foreging question is "yes," please state (i) who was involved, (ii) which police department was involved, (iii) what occurred, and (iv) the eventual outcome.

c. If your answer to the first question was "yes," what was your impression of the conduct of the police at the time?

e.  If the answer to the first question was "yes," do you think the conduct of the police might affect your ability to fairly and impartially judge this case?  If so, how do you think it might affect your ability to judge?

**7.  Party to a lawsuit.**

Have you, or any member of your family, or close friend, ever been a plaintiff or defendant in a lawsuit?  If so, please provide details and state whether this might affect your ability to judge this case fairly, and if so, in what way?

**8.  Witness in a lawsuit.**

Have you, a relative or a close friend ever been a witness in a lawsuit? If so, please provide details and state whether this might affect your ability to judge this case fairly, and if so, in what way?

-4-

**9.    Knowledge about the subject matter of this lawsuit.**

Have you read, seen or heard any newspaper, radio, television or other report concerning the matter at issue in this lawsuit or concerning any of the parties or potential witnesses in this lawsuit? If so, please you will be invited to the bench to provide details and state whether this might affect your ability to judge this case fairly.

**10.    Membership in any law enforcement, civil rights or civil justice organization.**

Have you, or any member of your family or a close friend, ever belonged to any organization which has the purpose of providing support to <u>OR</u> criticism of law enforcement, civil rights or civil justice? If so, please provide details and state whether this might affect your ability to judge this case fairly, and if so, in what way?

**11. Knowledge of fellow prospective jurors.**

Does anyone on the voir dire panel know anyone else on the voir dire Panel, either from a prior trial or from some relationship outside of this court? If so, please identify that person and the circumstances under which you know that person.

-5-
Respectfully submitted,


/s/_____
Martin S. Echter
Deputy Corporation Counsel
165 Church Street
New Haven, CT 06510
Phone: (203) 946-7958
Fax: (203) 946-7942
Federal Bar No. ct 07596
**Pager: 1-860-590-4432**


Certificate of Service

I, Martin S. Echter, hereby certify that I have served the foregoing by causing a copy to be FAXED and HAND-DELIVERED to Attorney Karen Lee Torre, 51 Elm Street, Suite 307, New Haven, CT 06510, this ____ day of September, 2004.


/s/_____
Martin S. Echter

-6-