UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEITH WORTZ | : | Docket No. 3:01CV01632 (RNC) |
| VS. | : | |
| MELVIN WEARING | : | SEPTEMBER 13, 2004 |

**DEFENDANT'S MOTION IN LIMINE CONCERNING EVIDENCE OF POSSIBLE INDEMNIFICATION BY THE CITY OF NEW HAVEN**

The defendant respectfully moves in limine to bar any evidence (or attempts to introduce, offer or alert the jury by questions or otherwise) to the potential of evidence that the City of New Haven may eventually indemnify the individual defendant for damages.

It is our prior experience in civil rights cases that some plaintiffs' counsel attempt to introduce or infer such evidence, either by direct testimony or in the context of a question.

Also, based on our experience, we ask that plaintiffs be required to first proffer at side-bar any desire to introduce or question about such matters if during the course of trial he or she wishes to do so, so as not to bring such prejudicial matters to the attention of the jury without the prior approval of the Court and so as not necessitate an objection to such matters in the presence of the jury.

There has been no prior request for such relief.

This issue has been raised and granted in nearly every other one of the more than 150 civil rights lawsuit in which the undersigned has appeared for the defense.

**ORAL ARGUMENT IS REQUESTED**
**TESTIMONY IS NOT REQUIRED**

Argument.

We are not aware of any instance where evidence regarding indemnification has been admitted over objection.

Furthermore, several Judges have issued written rulings in our favor in prior instances when there have been attempts to introduce such evidence. Tremayne Sweat vs. William White, Jr., et al., U. S. District Court, No. 3:89CV295 (DJS), Margin Order denying Plaintiff's Motion In Limine Regarding Punitive Damages, dated February 21, 1995 (copy attached); Gould vs. Langston, et al., U. S. District Court No. 3:92CV00499 (RNC), Margin Order dated November 7, 1995, citing Larez vs. Holcomb, 16 F.3d 1513, 1520-21 (9th Cir. 1994) (copy attached); Whelan vs. Blakeslee, et al., U. S. District Court, No. 3:91CV480 (AWT), Endorsement Order, filed January 24, 1996 (copy attached).

The United States Supreme Court has held that a municipality may not be subjected to punitive damages. City of Newport, et al. vs. Fact Concerts, Inc., et al., 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

Allowing a jury or other trier of fact to learn that a municipality will or even might indemnify an individual defendant who is subject to punitive damages is just another and improper way of disclosing that there is a "deep pocket."

In fact, allowing a jury or other trier of fact to learn that a municipality might even be liable to indemnify for compensatory damages also runs the risk of higher damages being awarded for such factors as pain and suffering, which are not subject to precise computation.

Any obligation by the City to pay damages incurred by the individual defendant police officers arises solely because the City plays the role of an

insurance company, with an obligation to represent and an obligation to indemnify subject to certain limitations. Connecticut General Statutes, Section 7-101a.

Thus, the City is excused from paying damages where there is a judgment for malicious, wilful, or wanton, <u>i.e.</u>, the primary criteria for an award of punitive damages. C.G.S. Section 7-101a; <u>Smith</u> vs. <u>Wade</u>, 461 U.S. 30 (1983).

Almost without exception the City of New Haven follows the policy of reserving until after trial and after there has been a judgment the right to decide whether or not to indemnify the individual police officer even though punitive damages may have been awarded.

The Court would not disclose that there is an insurance company liable (or possibly liable) to indemnify, even if the defendant police officers have policies with private insurers that might cover an award of damages in this lawsuit. The Court should not disclose that there is a municipal "insurer" or indemnitor that might be obligated to cover compensatory damages or that might determine to cover an award of punitive damages.

As "insurer" or indemnitor a municipality's obligation is only to pay those damages properly assessed against the "insured."

The only conceivable time the existence of an indemnitor might be arguably disclosable is if the individual defendant offers affirmative evidence that he cannot pay or should not have to pay a substantial amount of punitive damages. See for example, <u>Zarcone</u> vs. <u>Perry</u>, 572 F.2d 52, 56 (2d Cir. 1978). We do not even concede that alternative at this point in time because it is in any event not

necessary to address such an alternative, and there should be an appropriate record if the occasion arises. There has been no such claim or evidence in this case and we do not anticipate offering any. In fact, in the more than nearly twenty years the undersigned has represented New Haven Police Officers we have never offered such evidence.

Respectfully submitted,

/s/_____
Martin S. Echter
Deputy Corporation Counsel
165 Church Street
New Haven, CT 06510
Phone: (203) 946-7958
Fax: (203) 946-7942
Federal Bar No. ct 07596
**Pager: 1-860-590-4432**

Certificate of Service

I, Martin S. Echter, hereby certify that I have served the foregoing by causing a copy to be FAXED and HAND-DELIVERED to Attorney Karen Lee Torre, 51 Elm Street, Suite 307, New Haven, CT 06510, this        day of September, 2004.

/s/_____
Martin S. Echter